UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ORDER
11-CR–40

ALI HADDAD,

                Defendant.

Defendant Ali Haddad was originally scheduled to be sentenced on November 25, 2013, following his March 21, 2013 plea of guilty to bank fraud in violation of Section 1344 of Title 18 of the United States Code. Prior to sentencing, defendant filed objections to the Presentence Report ("PSR") arguing, *inter alia*, that the Court should decline to apply the 12-level enhancement pursuant to Sentencing Guideline Section 2B1.1(b)(1)(g) recommended by the Probation Officer. (Dkt. No. 21) Defendant argues that the Court should reject the Probation Officer's conclusion that the offense involved a total intended loss of $255,151.01. Defendant instead contends that the loss amount should be properly calculated at $28,000, which results in only a 4-level enhancement pursuant to Sentencing Guideline Section 2B1.1(b)(1)(c). Defendant further requested that in the event the Court should apply the 12-level loss enhancement, the Court should depart downward pursuant to Guideline Section 2B1.1, since the offense level would overstate the seriousness of the

offense.  In response to defendant's objections to the loss calculation set forth in the PSR and request for downward departure, the Government stated only that it was bound by the 4-level enhancement set forth in the plea agreement.  (Dkt. No. 22)

After reviewing the parties' submissions, the Court declined to sentence defendant on November 25, 2013 and instead issued an Order seeking further information from the Government.  (Dkt. No. 24)  In that Order, the Court explained that regardless of whether the Government claimed that it was bound by the calculations set forth in the plea agreement, there was a significant legal issue as to the proper calculation of loss relative to the offense.  The Court directed the Government to submit a supplemental brief addressing, *inter alia*, the appropriate legal standard for loss calculation pursuant to Guideline Section 2B1.1(b)(1) in this case.

The Government submitted a "Response to the Court's Request for Clarification Concerning Government's Sentencing Position" on December 5, 2013.  (Dkt. No. 25)  Therein, the Government again states only that it is bound by the calculations set forth in the plea agreement, and that when it "agrees not to contest a particular outcome in the Guidelines calculation, it may not later argue against that outcome."  *Id*.  The Court finds that the Government has failed to comply with its November 25, 2013 Order.  As a result defendant's sentencing is again adjourned and the Government is directed to file additional briefing.

Sentencing judges are required to consider both the Sentencing Guidelines and the sentencing factors set forth in Section 3553(a). *United States v. Crosby*, 397 F.3d 103, 111 (2d. Cir. 2005). "In order to fulfill this statutory duty to 'consider' the Guidelines, a sentencing judge will normally have to determine the applicable Guidelines range." *Id*. The Second Circuit has held that errors in calculating the applicable Guideline range are the types of procedural errors that render sentences unreasonable. *United States v. Folkes*, 622 F.3d 152, 156 (2d. Cir. 2010); *see also United States v. Fagans*, 406 F.3d 138, 141 (2d. Cir. 2005) (in many cases, "an incorrect calculation of the applicable Guideline range will taint not only a Guidelines sentence, if one is imposed, but also a non-Guideline sentence which may have been explicitly selected with what was thought to be the applicable Guidelines range as a frame of reference").

The Government misconstrues the Court's prior Order. The Court has asked the Government to provide a legal analysis of the issues presented in its case, not to "advocate on defendant's behalf." This Court is obligated, at the time of sentencing, to make a proper calculation of defendant's Guideline range. Indeed, the application of a 12-level enhancement rather than the 4-level enhancement set forth in the plea agreement results in a significant difference in defendant's Guideline range. Given the Court's obligation, the discrepancy in the potential range, and the legal issue presented as to how loss is properly calculated here, the Court is certainly entitled to ask the parties involved for an

analysis of the relevant law.  Contrary to the Government's belief, a legal briefing as to the proper calculation of loss under the Sentencing Guidelines and pursuant to Second Circuit authority does not constitute a breach of the plea agreement.

Irregardless, if it is the Government's position that providing any legal authority which would tend to support the application of a 12-level enhancement constitutes a breach of the plea agreement, the Government is directed to provide the Court with legal authority which supports the calculations set forth in the plea agreement.  The Government maintains that it is "obligated to advocate that the standard to measure loss pursuant to Guideline Section 2B1.1 is actual loss because that was the standard used in the plea agreement."  If that is the case, the Court is permitted to question the Government as to how it arrived at the calculations set forth in the plea agreement, and to seek assurances that any agreements made by the Government in fashioning the plea agreement are consistent with the law in this area.

The Government is directed to submit a response in accordance with the terms of this Order on or before January 20, 2014.  Defendant may file a reply by January 27, 2014.  Sentencing is scheduled for February 4, 2014.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 13, 2014